ROREM et al. v. GILL.

No. 30978. July 2, 1942.

*127 P. 2d 822.*

Lewis R. Morris, County Atty., and B. C. Logsdon, Asst. County Atty., both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., and Randell S. Cobb, Asst. Atty. Gen., for plaintiffs in error.

Lee Gill, of Oklahoma City, for defendant in error.

RILEY, J. This action involved the right of S. S. Gill, Jr., to reregister as a qualified elector in precinct 50, ward 1, Oklahoma City. It is agreed that on February 4, 1941, the petitioner was a duly qualified and registered elector at said residence; that by reason of his service in the armed forces of the federal government he failed to vote at three successive elections held after said date and that his registration certificate was canceled as provided by 26 O. S. 1941 § 87, the pertinent portion of the statute providing for such cancellation "in the same manner as is provided for the cancellation of the registration of an elector who changes his residence."

On April 9, 1942, petitioner, then on furlough from military service, presented himself to respondent for reregistration, but was denied for the assigned reason that authority did not exist under the law for the act except during a 20-to-10 day period before an election. Petitioner has returned to military service and is unable to appear within said time but seeks reregistration at any time so as to qualify him to cast his vote at the primary election to be held July 14, 1942.

Petitioner sought and obtained a writ of mandamus compelling the registrar to reregister him so as to qualify him to vote at the next primary election. The writ was ordered issued by the court with three district judges sitting, but due to the public nature of the action we express no opinion on the propriety of a plural number of judges determining the cause below; that issue is not raised by the parties. We shall therefore treat the judgment below as having been rendered by only one of said judges. The precinct and county registrars, defendants below, appeal.

Plaintiffs in error contend on appeal that petitioner below is relegated to the class of an unregistered citizen and is required to register anew as provided by 26 O. S. 1941 § 79. The section by its text is applicable to any person who may become a qualified elector after the 10th day of May, 1916, or after the clos-

ing of any other registration period. A requirement is application to the registrar of the precinct "not more than twenty days nor less than ten days before the day of holding any election, . . . .".

Manifestly, this provision of statute does not apply to petitioner below, who was a qualified elector prior to the closing of previous registration period as established by his registration certificate canceled.

Moreover, section 1, art. 3, Constitution of Oklahoma, designates a qualified elector of this state as being a citizen of the United States and who is over the age of 21 years and who has resided in the state one year, in the county six months, and in the election precinct 30 days next preceding the election, with exceptions.

It is urged by plaintiffs in error that the amendment as now contained in section 78, supra, so wrought a change in the provisions of 87, supra, that no longer was the right to reregister at any time preserved. But such is not the fact, for the section 78 is by its terms applicable to any qualified elector in this state, after he shall have registered as herein provided and shall change his residence or politics.

As we view the contention of plaintiffs in error herein, it is that when the Legislature amended section 5658, O. S. 1931, relating to change of residence or politics, by the enactment of what is now 26 O. S. 1941 § 78, and therein left out the words "at any time" and provided that if any qualified elector after he shall have once registered shall change his residence or politics, such a person may present himself to the precinct registrar of the precinct in which he then resides and in which he is then a qualified elector and be registered *upon complying with all the provisions of this act with reference to the original registration of electors,* the words above emphasized mean that it is necessary that this be done within the 10-20 day period before the next election. That appears to be the basis of the Attorney General opinion. But it may be noted that the same words were used in section 5658, supra, before it was amended. Said section then provided:

"Any elector holding a cancelled registration certificate may present the same *at any time* to the registrar of any election precinct in which such elector resides and be registered as an elector therein *upon complying with all the provisions of this act with reference to the original registration of electors.*"

As we view the law, the words above mentioned have no reference whatever to the time element. They could not have had reference to the time element in the act before it was amended because the act specifically provided that it might be done at any time. Then in the original act the words must have had reference to other things. Going back to original registration act as found in sections 75, 76, and 77, O. S. 1941, Title 26, it is plain that the elector was required to do certain things in order to entitle him to a registration certificate. He was required to furnish certain information as contained in the form of the certificate, and was required by section 76 to take an oath before the registrar to the effect that the statements contained in the certificate after it had been filled out as therein provided are true and correct.

It is clear that these are the things referred to in the section before and after the amendment which are required to be done.

This we think is made clear in the later provision of the section before and after its amendment with reference to the time element. The only reference to time in the section as amended is that "no change in registration shall be granted on the ground of change of politics unless application therefor be made at least 90 days before the next succeeding general primary election."

Therefore, the only restriction as to time, other than in change of registration on the ground of change of politics, is that it be done in time to allow the entry to be made on the county regis-

tration book, which is to be done not less than seven days before the next election, and this is directory rather than mandatory. One purpose of this amendment appears to be to liberalize the proceeding so as to make it less cumbersome. It may be noted that under the amendment the elector is not required to go before the registrar who issued the original certificate and have it canceled before obtaining a new certificate.

Cancellation of the old one, where it is occasioned by change of residence or politics, is done after rather than before issuance of the new certificate, and is to be accomplished by mail rather than requiring the elector to appear in person before the registrar and have his old certificate canceled.

When the plaintiffs in error seek to apply 26 O. S. 1941 § 79 as applicable, so as to require reregistration to the 10-20 day period, they are in error. That section applies only to persons becoming newly qualified electors and has no application to reregistration.

There was no error in the order granting the writ of mandamus.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, and DAVISON, JJ., concur. BAYLESS, HURST, and ARNOLD, JJ., absent.